RECEIVED
OCT 3 1 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 11-0441 |
| -vs- | JUDGE DRELL |
| LENORA NITZ, et al. | MAGISTRATE JUDGE KIRK |

# RULING

Before the Court is the Motion for Summary Judgment filed by the United States of America against defendant, Lenora Nitz. (Doc. 34). The time limits for responding have run, but no opposition has been submitted. For the following reasons, the motion will be GRANTED.

## I. Procedural Background

On March 18, 2011 Plaintiff filed a Complaint against Lenora Nitz, Evangeline Bank & Trust Company, and Cenla Case Management, LLC[1], to reduce to judgment unpaid federal tax liabilities and to foreclose the federal tax lien securing the unpaid taxes on real property belonging to Ms. Nitz (Doc. 1). Plaintiff claims Ms. Nitz failed to pay federal employment taxes for Cenla Case Management, Inc. and/or Cenla LLC for the taxable quarters ending September 30, 2001, December 31, 2001, March 31, 2004, June 30, 2004, September 30, 2004, June 30, 2005, September 30, 2005, December 31,

---

[1] Default Judgment was granted against Cenla Case Management, LLC on January 19, 2012. (Doc. 33.)

2005, March 31, 2006, June 30, 2006, and September 30, 2006. (Docs. 1, 34-1). As of March 9, 2012, these alleged non-payments total $61,003.75 plus fees, interest, and all statutory additions provided by law. (Doc. 34-1).

## II. Law and Analysis

### A. Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

The present motion is unopposed, which prompts the Court to search for additional guidance.

> A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.

Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (internal citations omitted). In this District, Local Rule 56.2 gives added direction when summary judgment is unopposed: "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." Therefore, since there is no opposition to Plaintiff's motion, all facts in the statement of material facts are deemed as true for purposes of this Court's decision.

### B. Analysis of Plaintiff's Motion for Summary Judgment

Based on Plaintiff's statement of material facts and our review of the record, there are no genuine disputes of material fact in this case. The documents submitted by the plaintiff establish a prima facie case as to all claims by the Government. Also, Ms. Nitz does not contest owing unpaid federal taxes in the amount of $61,003.75 plus fees, interest, and all statutory additions.[2] (Doc. 34-1). She admits she was responsible for collecting and paying the employment taxes, and she was aware of her failure to pay the taxes. (Doc. 34-1 (citing Doc. 34-5)). Ms. Nitz does not provide any factual or legal defense for not paying during the time periods at issue. (Doc. 34). She also does not contest the federal tax liens attaching to her property. (Doc. 34-1).

---

[2] As of March 9, 2012.

## C. Conclusion

For the reasons detailed above, Plaintiff's Motion for Summary Judgment will be GRANTED.

SIGNED on this 30 day of October, 2012 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT